FILED
United States Court of Appeals
Tenth Circuit

May 24, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM N. ODOM, JR.,

  Plaintiff-Appellant,

v.

JOHN E. POTTER, Postmaster
General, United States Postal Service,

  Defendant-Appellee.

No. 09-6194
(D.C. No. 5:07-CV-01335-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **McKAY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

William N. Odom, Jr., proceeding pro se here as in the district court,

appeals the district court's grant of summary judgment to his employer on his

Title VII retaliation claims. He also appeals the order denying his motion for

reconsideration. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

Only a brief description of the background is necessary for our review. Mr. Odom, an employee of the United States Postal Service, applied for two other positions within the Postal Service in 2006 and 2007. The Postal Service disqualified Mr. Odom from the 2006 position because his application was received after the deadline. It disqualified him for the 2007 position because he lived outside the geographical area designated for applicants. Mr. Odom asserted that his applications were disqualified in retaliation for his earlier EEO activity. He claimed that his 2006 application was received after the deadline because two postal supervisors sabotaged its delivery. He also claimed that the 2007 position was required under the Career Ladder Program to be opened to all Postal Service employees, but the two supervisors improperly limited the position geographically to make him ineligible for it.

After exhausting administrative remedies, Mr. Odom sued the Postal Service, alleging retaliation in violation of Title VII.[1] In due course, the Postal Service filed a motion for summary judgment. Mr. Odom filed an opposition to summary judgment, to which he attached documents purporting to require the 2007 position to be open to all Postal Service employees. In response, the Postal

---

[1] Title VII forbids an employer from retaliating against an individual because that individual "has opposed any practice made an unlawful employment practice" by Title VII or because that individual "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" pursuant to Title VII. 42 U.S.C. § 2000e-3(a).

Service withdrew its motion to allow it to investigate the documentary evidence. The district court granted leave to withdraw the motion and entered a scheduling order for continued litigation. Seven months later, the Postal Service filed a renewed motion for summary judgment, attaching several documents, including a declaration by Mangala Gandhi and the relevant portion of the current USPS Handbook to establish that the Career Ladder Program was discretionary. Mr. Odom filed an opposition, but argued only that the Postal Service's renewed summary judgment motion violated a local court rule permitting a party to file only one motion for summary judgment.

The district court granted summary judgment to the Postal Service, holding that the undisputed evidence demonstrated that the Postal Service had legitimate, nondiscriminatory reasons for rejecting Mr. Odom's 2006 and 2007 applications. The court noted that Mr. Odom had conceded at his deposition that his 2006 application was received after the deadline and he had no evidence that it had been sabotaged. Similarly, the undisputed facts showed that the 2007 application was properly limited geographically because the documents on which Mr. Odom relied had been superceded.

Mr. Odom then filed a motion to reconsider, challenging the Gandhi declaration as untrue and in violation of Fed. R. Civ. P. 56(e)(1) because the documents on which the declaration relied were not attached to it. The district

court ruled that Mr. Odom had not raised any grounds to justify reconsideration and denied the motion.

Mr. Odom appeals, arguing that the district court erred (1) in considering defendant's renewed summary judgment motion even though the court had not granted leave to file another such motion, either in the order striking the first motion or before granting the renewed motion; and (2) in denying his motion to reconsider. He further argues that disputed issues of material fact precluded summary judgment.[2] Because Mr. Odom is representing himself, we liberally construe his pleadings; however, we do not act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

*Discussion*

**A. Local Court Rule.**

Mr. Odom first claims that the district court erred in granting summary judgment because doing so violated the Local Court Rules of the United States District Court for the Western District of Oklahoma. Mr. Odom relies on LCvR 56.1(a), which states, "Absent leave of Court, each party may file only one motion [for summary judgment]." He maintains that even though the Postal Service withdrew its initial motion for summary judgment, the rule prohibited renewal of the motion.

___

[2] Mr. Odom also alleges that the district court granted summary judgment against him because he is a pro se litigant. He offers no evidence to support this claim and the record reveals no suggestion of judicial bias.

"We review a district court's application of its local rules for an abuse of discretion." *Amundsen v. Jones*, 533 F.3d 1192, 1197 (10th Cir. 2008). In addition, the local rules themselves accord the district court wide discretion in applying the rules. *See* LCvR 1.2(c) ("The trial judge has discretion in any civil or criminal case to waive any requirement of these local rules when the administration of justice so requires.").

The district court explained the purpose of LCvR 56.1(a): "to consolidate a party's arguments in one document in the interest of efficiencies which serve both the parties and the court." R. at 193. The court determined that the procedure employed by the Postal Service in withdrawing its summary judgment motion to research the merits of Mr. Odom's proffered documents served that purpose. Mr. Odom does not dispute that determination, nor does he claim that he was prejudiced by allowing the Postal Service to renew its motion. We conclude that the district court's decision to permit the Postal Service to renew its motion for summary judgment was not "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1147 (10th Cir. 2006) (quotation omitted). Accordingly, we find no abuse of discretion.

## B. Gandhi Declaration.

Mr. Odom next argues on appeal that the district court should have rejected the Gandhi declaration because its statement that the Career Ladder Program was

merely discretionary "is nothing but a pretext for discrimination." Aplt. Opening

Br. Attach. 5 at 2. He also challenges the declaration because it referred to

documents that were not attached, as required by Rule 56(e)(1). These claims

were presented to the district court in Mr. Odom's motion to reconsider the order

granting summary judgment.[3] Therefore, our review of these arguments is only

for an abuse of discretion. *See Elephant Butte Irrigation Dist. of N.M. v. U. S.*

*Dep't of Interior*, 538 F.3d 1299, 1301 (10th Cir. 2008), *cert. denied*, 129 S. Ct.

1347 (2009). In this context, "[a] district court abuses its discretion where it

commits a legal error or relies on clearly erroneous factual findings, or where

there is no rational basis in the evidence for its ruling." *Id.* (quotation omitted).

The district court did not abuse its discretion. Mr. Odom's bare assertion

that the Gandhi declaration was false is not adequate appellate argument so we do

not consider it. *See Simpson v. T.D. Williamson Inc.*, 414 F.3d 1203, 1206 n.4

(10th Cir. 2005) (declining to consider claim where litigant failed to cite authority

to support its argument). Moreover, Rule 56(e)(1) permits documents relied on in

a declaration to be "served with" the declaration, which was the procedure

followed here.

---

[3] Mr. Odom has abandoned on appeal his claim for reconsideration because he was not afforded 18 days to respond to the summary judgment motion, pursuant to LCvR 7.1(g) (directing party opposing a motion to file a response with 18 days after the motion was filed).

## C. Factual Issues.

Finally, Mr. Odom contends that disputed issues of material fact precluded summary judgment. We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. *Warren v. Liberty Mut. Fire Ins. Co.*, 555 F.3d 1141, 1145 (10th Cir. 2009). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Although the court may not make credibility determinations or weigh evidence at the summary judgment stage, "'[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."'" *Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

> [W]e analyze Title VII claims based on circumstantial evidence in three steps. First, a plaintiff opposing summary judgment must make a prima facie case of discrimination. Second, the defendant then must articulate a legitimate, non-discriminatory reason for the adverse employment action. Third, the burden then shifts back to the plaintiff, who must prove by a preponderance of the evidence that the employer's reasons are a pretext for unlawful discrimination.

*Johnson v. Weld County*, 594 F.3d 1202, 1210-11 (10th Cir. 2010) (citations omitted). Here, the disputed issue is whether Mr. Odom carried his burden to show pretext.

Mr. Odom argues that his application for the 2006 position was received by the deadline, relying on a Postal Service tracking inquiry printout. But the tracking printout does not indicate that the two supervisors sabotaged its delivery. Further, Mr. Odom testified at his deposition that he had no evidence of sabotage. Consequently, he has advanced no facts to support his claim that the Postal Service retaliated against him by sabotaging his 2006 application.

The evidence on which Mr. Odom relies to show a factual issue as to whether the 2007 position could be limited geographically is a 1990 Career Ladder Program Management Instruction and a 1999 letter authored by Anthony J. Vegliante, Vice President, Labor Relations. The Gandhi declaration states that these documents were superceded by the 2001 USPS Handbook EL-312, which vests in the selecting officials discretion to define the geographical area of consideration for open positions. Mr. Odom has offered no evidence to refute the Gandhi declaration. Because no reasonable juror could find that the Postal Service was required to post the 2007 position service-wide, Mr. Odom has failed to identify a triable issue. Therefore, summary judgment was appropriate.

### *Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge